# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KALETHA SEAY, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 15-cv-10451 |
| v. | ) | |
| | ) | |
| ENHANCED RECOVERY COMPANY, LLC, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | Jury Demanded |

## COMPLAINT

Plaintiff Kaletha Seay brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Kaletha Seay ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted AT&T consumer utility account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Enhanced Recovery Company, LLC ("Enhanced") is a Delaware limited liability company with its principal place of business in Jacksonville, Florida. Enhanced does or transacts business in Illinois. Its registered agent and office are C T Corporation System, 208 South LaSalle St., Suite 814, Chicago, IL 60604. (Exhibit A, Record from Illinois Secretary of State).

5. Enhanced is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Enhanced is a junk debt buyer that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, and then attempts to collect the full claimed balance.

7. Enhanced is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

8. Plaintiff incurred an alleged debt for goods and services used for personal, family or household purposes, originally for an AT&T consumer utility account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

9. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

10. Enhanced subsequently purchased or was otherwise assigned the alleged debt from AT&T for collection.

11. Plaintiff consulted with the legal aid attorneys at the Debtors Legal Clinic, who, on April 17, 2014, sent a letter to Enhanced indicating that Plaintiff disputed the alleged debt. (Exhibit B, Representation Letter).

12. Enhanced received Plaintiff's letter.

13. On April 4, 2015, Enhanced communicated information regarding the alleged debt to the TransUnion consumer reporting agency.

14. Enhanced communicated, *inter alia*, an account balance, an account number, and a date reported. (Exhibit C, Excerpt from Plaintiff's TransUnion credit report showing the Enhanced tradeline).

15. Enhanced further failed to communicate the alleged debt as disputed, even though it communicated other information regarding the alleged debt to TransUnion.

16. 15 U.S.C. §1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

17. On or before April 4, 2015, Enhanced knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff's counsel had previously notified Enhanced of that dispute by letter on April 17, 2014.

18. Even though Enhanced knew or should have known, prior to April 5, 2015, that Plaintiff disputed owing the alleged debt, Enhanced failed to thereafter communicate the fact of Plaintiff's dispute to the TransUnion credit reporting agency when it communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

19. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a

consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

20. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

22. Enhanced made a false, deceptive and misleading representation in connection with the attempt to collect a debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8) when it failed to communicate the fact of Plaintiff's dispute to TransUnion when Enhanced communicated other credit information regarding the alleged debt.

23. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

        A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

        B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

        C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Bryan Thompson
Andrew Finko
Celetha Chatman
***Wood Finko & Thompson P.C.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 476-1362
mwood@woodfinkothompson.com
bthompson@ woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com